UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY DOUGLAS SORENSEN,<br> a/k/a ANTHONY HERRERA,<br><br>Defendant. | 5:24-CR-50085-CCT<br><br><br>**PRETRIAL RULINGS** |

Consistent with the Court's oral rulings made during the March 5, 2025 pretrial conference in the above-captioned case, the Court enters the following written rulings and orders.

### MOTIONS IN LIMINE

1. **Hearsay statements of the defendant offered by defendant.** Mr. Sorensen does not object with the caveat that the ruling is limited to statements offered to prove the truth of the matter asserted. At the pretrial conference, the government clarified that its motion concerns only Mr. Sorensen's hearsay statements. With that, the government's first motion in limine at Docket 39 is granted, and the Court will address objections at trial if there is a concern that certain testimony is beyond the scope of the Court's ruling.

2. **Reference to penalty or punishment**. Mr. Sorensen does not object; therefore, the government's second motion in limine at Docket 39 is granted.

3.   **Felony charges.** Mr. Sorensen does not object; therefore, the government's third motion in limine at Docket 39 is granted.

4.   **Opining on guilt or innocence.** Mr. Sorensen does not object; however, he requests that the ruling exempt opening and closing statements. The government's fourth motion in limine at Docket 39 is granted and is reciprocal, with the exception that it does not apply to either party's opening or closing statements.

5.   **Reference to matters required to be raised by pretrial motion.** Mr. Sorensen does not object; therefore, the government's fifth motion in limine at Docket 39 is granted.

6.   **Reference to government's charging decision in this matter.** Mr. Sorensen does not object; therefore, the government's sixth motion in limine at Docket 39 is granted.

7.   **Request for sequestration.** Mr. Sorensen does not object; however, he requests that the ruling be made reciprocal. The government's seventh motion in limine at Docket 39 is granted and is reciprocal.

8.   **Request for case agent at counsel table.** The Government moves that Pennington County Sheriff's Office Investigator Patrick Rose be permitted to sit at counsel's table during the trial. Docket 39. He was the primary case agent, and according to the Government, "his presence is essential to presenting the United States' case." *Id.* Mr. Sorensen objected at the pretrial conference, requesting that the case agent be sequestered consistent with the Court's ruling on the government's seventh motion in limine. However, under Federal Rule of Evidence 615(a)(3), exclusion is not required for "any person whose presence a party shows to be essential to presenting the party's claim of defense[.]" The government has made the requisite showing; therefore, the Court overrules Mr. Sorensen's objection.

The government's eighth motion in limine at Docket 39 is granted.

## NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY

The government filed notice of its intent to offer expert testimony from Dr. Donald Habbe, Docket 27, and Nathan Walstrom, Docket 28. Mr. Sorensen does not object. Therefore, the testimony noticed at Dockets 27 and 28 is admissible, and Dr. Habbe and Mr. Walstrom may testify within the bounds of the notices.

## NOTICE OF INTENT TO OFFER RULE 404(b) EVIDENCE

The government filed notice of its intent to introduce Rule 404(b) evidence "to prove intent, knowledge, and lack of mistake or accident." Docket 30. The evidence concerns an incident "on or about March 19, 2023," wherein Cassidy Soulek requested that Mr. Sorensen provide her fentanyl; that he arrived at her work with the paraphernalia for her to smoke fentanyl provided by a third person; and that he was present "during her nonfatal fentanyl overdose at a Perkins bathroom in Rapid City." *Id.* Mr. Sorensen objects, arguing that the circumstances of the charged offense "are significantly different than those offered in the Government's 404(b) notice." Docket 36. He also contends that the evidence is "highly prejudicial with little relevance." *Id.*

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The evidence must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value." *United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002)

(citation omitted). Importantly, "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Young*, 753 F.3d 757, 768 (8th Cir. 2014) (citation omitted). Exclusion of evidence under Rule 404(b) is generally reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005) (citation omitted).

Although Mr. Sorensen did not provide Ms. Soulek the substance causing her overdose, the other act evidence is relevant to a material issue because it helps prove Mr. Sorensen's intent, knowledge, and lack of mistake or accident on the charged offense. The other act is not remote in time to the charged offense. It also is similar in kind—Mr. Sorensen was contacted to provide fentanyl, appeared with paraphernalia, and was presented when Ms. Soulek overdosed. Further, the government intends to present the other act evidence through Ms. Soulek's testimony; therefore, it is sufficiently supported. *See United States v. Johnson*, 860 F.3d 1133, 1143 (8th Cir. 2017) (finding that the testimony of witnesses with first-hand knowledge is sufficient). Finally, while the other act evidence is prejudicial, the prejudice does not substantially outweigh the probative value of the evidence. *United States v. Patterson*, 68 F.4th 402,416 (8th Cir. 2023) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial."). Therefore, the Court overrules Mr. Sorensen's objection, Docket 36, and the other act evidence noticed by the government at Docket 30 is admissible.

### NOTICE OF INTENT TO PRESENT RULE 902 EVIDENCE

The government notices its intent to present "Block, Inc. records" and "Meta, Inc. records" pursuant to Federal Rule of Evidence 902(11). Docket 40. At the pretrial conference, Mr. Sorensen stipulated to the authenticity of both

noticed records and did not object to the government's notice. Therefore, the records noticed at Docket 40 are admissible.

Dated March 6, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE